NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

August 17, 2012

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*[*]

Nos. 11-1558, 11-1559 & 11-1758

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court |
| *Plaintiff-Appellant,* | for the Central District of Illinois |
| *v.* | Nos. 10 CR 30058-4, 10 CR 30047-1 & 10 CR 30058-3 |
| CHRISTOPHER HOLCOMB, | |
| PATRICK MORAN, and | Richard Mills, |
| ANTHONY CLARDY, | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Appellees Christopher Holcomb, Patrick Moran, and Anthony Clardy were each convicted of crack cocaine offenses (*see* 21 U.S.C. § 841(a)(1)) occurring prior to August 3, 2010, the effective date of the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA").  The defendants were sentenced after the FSA took effect, however, and the district court applied the FSA in determining their sentences.  The court ordered Holcomb to serve a

---

[*] Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case on remand from the Supreme Court.  The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

prison term of 50 months, Moran a term of 70 months, and Clardy a term of 33 months.

The government appealed the sentences, contending that the district court erred in applying the FSA to conduct which occurred prior to the FSA's enactment. Pursuant to our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), which held that the FSA applies only prospectively to conduct occurring after its enactment, we concluded in our order of July 7, 2011, that the district court had erred in relying on the FSA when sentencing these defendants. We therefore vacated the defendants' sentences and remanded the cases for resentencing. *See United States v. Holcomb*, 657 F.3d 445, 445 (7th Cir. 2011) (denying sua sponte rehearing en banc).

In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Subsequently, the Supreme Court granted the defendants' petition for a writ of certiorari, vacated the judgment, and remanded the cases to this court for reconsideration in light of its decision in *Dorsey*. *Holcomb v. United States*, 2012 WL 2470076 (U.S. June 29, 2012).

The parties have filed a joint Circuit Rule 54 position statement acknowledging, in view of *Dorsey*, that the district court correctly applied the FSA when it sentenced the defendants and requesting that we affirm the sentences that court imposed.

We agree that this is the correct result in light of *Dorsey*. We therefore **AFFIRM** the sentences imposed on defendants Holcomb, Moran, and Clardy.